Jaw–Shi WANG, Petitioner—Appellant,

v.

John ASHCROFT, Attorney General; et al., Respondents—Appellees.

No. 02–57047.
D.C. No. CV–02–01623–IEG.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted July 21, 2003.*

Decided July 23, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Jaw–Shi Wang appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000), and we affirm.

Wang contends that application of section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") results in an impermissible retroactive effect. This provision precludes aggravated felons from seeking a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c). Because Wang did not plead guilty but was convicted by a jury, applying AEDPA § 440 does not result in any retroactive effect. *See Armendariz–Montoya v. Sonchik*, 291 F.3d 1116, 1121–22 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 2247, 156 L.Ed.2d 110 (2003).

We reject Wang's contentions that his ineligibility for INA § 212(c) relief violates his rights to due process and equal protection of the law. *See INS v. St. Cyr*, 533 U.S. 289, 321–23, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (explaining that the government has a rational basis for treating aliens convicted after trial differently from those who enter plea agreements); *Dillingham v. INS*, 267 F.3d 996, 1004–06 (9th Cir.2001) (holding that due process incorporates equal protection guarantees and that the government must have a rational basis for differentiating between groups of aliens).

Wang's motion to file an oversized reply brief is granted.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

